UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Watts, #77138,<br>      Petitioner,<br><br>vs.<br><br>South Mississippi Correctional Institution,<br>      Respondents. | ) C/A No. 0:05-2443-HFF-BM<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

  A pro se Petition has been submitted to the Court by a Mississippi state prisoner who is incarcerated in a Mississippi state prison located at Leakesville, Mississippi. Because the Petitioner requests assistance from this Court to obtain release from his state court life sentence for robbery, the pleading was treated for docketing purposes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that he is being forced to serve an "illegal sentence" and that he has been serving that sentence for "11 years now."

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed

1



by a *pro se* litigant to allow the development of a potentially meritorious case. See <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).

However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). Here, it is clear that this Petition has been filed in the wrong court and should therefore be transferred to the United States District Court which can obtain personal jurisdiction over Petitioner's custodian. A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. See <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-500 (1973); <u>Rheuark v. Wade</u>, 608 F.2d 304, 305 (8th Cir. 1979); and <u>Cox v. Federal Bureau of Prisons</u>, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981). In <u>Norris v. Georgia</u>, 522 F.2d 1006, 1010-14 & nn. 7-15 (4th Cir. 1975), the Fourth Circuit Court of Appeals stated, "[a]bsent . . . authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.' " ); *see also* <u>Billiteri v. United States Board of Parole</u>, 541 F.2d 938, 948 (2d Cir. 1976). Furthermore, it has been held that

> [t]he controlling question is the location of the custodian, not the prisoner, because "the 'writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.' " *McCoy v. U.S. Board of Parole*, 537 F.2d 962 (8th Cir. 1976)(quoting from *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-495, 35 L.Ed.2d 443, 93 S.Ct. 1123 (1973)).
> . . . .
> Given the clear language in *Braden* concerning "service of process," it appears that the jurisdiction requirement of § 2241 is read to refer to personal jurisdiction over the custodian, rather than the geographical boundaries of the district court's jurisdiction. *See also Ex Parte Endo*, 323 U.S. 283, 306, 65 S.Ct.



208, 220, 89 L.Ed. 243 (1944) ("[W]e are of the view that the court may act if there is a respondent within reach of its process who has custody of the petitioner."); *see also Preiser*, 506 F.2d at 1128.

Wang v. Reno, 862 F. Supp. 801, 812 (E.D. N.Y. 1994).

As stated above, Petitioner is incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. Although it is not clear whether Petitioner has previously filed a § 2254 petition in the United States District Court for the Southern District of Mississippi, it is clear that the Mississippi town where Petitioner's custodian is located is within the geographical area served by that court and is not within the geographical area covered by this Court. Hence, the United States District Court most likely to be able to obtain personal jurisdiction over Petitioner's custodian is the United States District Court for the Southern District of Mississippi. Although no opinion is expressed as to the timeliness or merits of the § 2254 Petition in this case, the undersigned has concluded that, in the interests of justice and convenience, this habeas corpus action (Civil Action No. 0:05-2443-HFF-BM) should be transferred for future handling to the federal district court encompassing Leakesville, Mississippi: the United States District Court for the Southern District of Mississippi. *See* 28 U.S.C. § 115(b)(1); Smart v. Goord, 21 F.Supp.2d 309 (S.D. N.Y. 1998).[1]

## RECOMMENDATION

Accordingly, it is recommend that the United States District Court for the District of South Carolina transfer this case to the United States District Court for the Southern District of Mississippi. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen

---

[1] Petitioner did not pay the filing fee nor did he submit an application to proceed *in forma pauperis* (IFP) in this case. He will need to pay the fee or file the appropriate IFP request in the Southern District of Mississippi when the case is transferred.



habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996 [AEDPA].  If this recommendation to transfer the case is accepted, the United States District Court for the Southern District of Mississippi would be free to determine the procedural and substantive merits of the Petition.

Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

September 12, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

5