

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CARL WATTS, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:05-2443-HFF-BM |
| § | |
| SOUTH MISSISSIPPI CORRECTIONAL § | |
| INSTITUTE, § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND TRANSFERRING PETITION

**I.     INTRODUCTION**

This is a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2254. Petitioner is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge in which he recommends that the Court transfer the petition to the United States District Court for the Southern District of Mississippi. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

**II.     STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo*

determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. MAGISTRATE JUDGE'S REPORT

The Magistrate Judge filed his Report on September 13, 2005, and Petitioner filed objections on October 3, 2005. Petitioner's objections, however, failed to address the grounds upon which the Magistrate recommended that the case be transferred. Instead, Petitioner's objections amounted to a general reiteration of his allegations that he is serving an unlawful sentence.

When a litigant files only general objections, these objections can be rejected by the Court without explanation, as specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's report do not direct the Court's attention to any specific portion of the report, they are tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review).

### IV. DISCUSSION

In the instant case, therefore, the Court could adopt the Report and overrule the objections with no explanation. However, in an abundance of caution and in the interest of justice, the Court has reviewed, *de novo,* the pleadings and supporting documentation in this case and finds that the Report is proper. Specifically, Petitioner has failed to offer any argument as to why this case should not be transferred to the Southern District of Mississippi. Similarly, the petition has no connection

to the State of South Carolina. Therefore, for the reasons stated by the Magistrate Judge, the Court has no choice but to transfer the case to the Southern District of Mississippi.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the petition is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi.

**IT IS SO ORDERED**.

Signed this 3d day of October, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.